MARK M. BETTILYON (*pro hac vice* application to be filed)
MICHAEL K. ERICKSON (No. 242934)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
E-mail: mbettilyon@rqn.com
E-mail: merickson@rqn.com

JEFFREY E. FAUCETTE (No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, California 94111
Telephone: (415) 315-1669
Facsimile: (415) 433-5994
E-mail: jeff@skaggsfaucette.com

*Attorneys for Plaintiff Choose Energy, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHOOSE ENERGY, INCORPORATED, a Delaware Corporation,

Plaintiff,

v.

AMERICAN PETROLEUM INSTITUTE, a District of Columbia corporation,

Defendant.

Case No.:

**COMPLAINT FOR TRADEMARK INFRINGEMENT (15 U.S.C. § 1114), UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)), COMMON LAW TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION (CA B&P CODE § 17200 *et seq.*)**

**DEMAND FOR JURY TRIAL**

Plaintiff Choose Energy, Incorporated ("Choose Energy"), for its Complaint against Defendant American Petroleum Institute ("API"), herein alleges as follows:

SUMMARY OF CLAIM

1.     Choose Energy operates an online marketplace at www.chooseenergy.com that helps residential and business users comparison shop for their ideal energy supplier. In addition to the domain name <chooseenergy>, Choose Energy's trademarks are also featured prominently on Choose Energy's website and emphasize the fact that its services are *energy unbiased*—enabling consumers to make smart choices about their energy use from a diverse group of energy suppliers. For more than a decade, consumers have turned to Choose Energy as a trusted resource that empowers them to make personal decisions about energy use, consumption, resources, and policy. And a significant number of these customers associate Choose Energy with the "choice" to support clean and renewable energy sources that have a positive impact on the environment, including natural gas plans with carbon offsets or electricity from renewables such as wind and solar.

2.     API recently launched its "Choose Energy" project—a high-profile, lobbying campaign for the oil and natural gas industry that includes the website www.chooseenergy.org. Alarmingly, API has misappropriated Choose Energy's trademarks for a promotional campaign that is *energy biased*—extolling the purported benefits of the oil and natural gas industries and presenting a single choice to consumers: continued dependence upon non-renewable fossil fuels regardless of their adverse impact upon the environment.

3.     API is "fracking" Choose Energy's brand and is likely to cause confusion, mistake, and to deceive consumers as to the affiliation, connection, or association of API with Choose Energy. API's unauthorized use of Choose Energy's trademarks is a violation of Choose Energy's valuable intellectual property rights and is causing significant injury to Choose Energy's reputation and customer goodwill. Numerous confused consumers have already contacted Choose Energy in the mistaken belief that it is affiliated with API's one-sided fossil fuel agenda, to the

detriment of Choose Energy's reputation as a trusted and unbiased resource for choosing the ideal energy supplier, including clean and renewable energy providers.

PARTIES

4. Plaintiff Choose Energy, Inc. is a Delaware corporation with a principal place of business in San Francisco, California.

5. Upon information and belief, Defendant American Petroleum Institute is a District of Columbia corporation with a place of business in Los Angeles, California.

JURISDICTION

6. This Court has jurisdiction over the subject matter and the parties under section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims asserted herein because those claims are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Upon information and belief, API is registered to do business in California, conducts business in California, has an agent for service of process in Los Angeles, California, and is therefore subject to personal jurisdiction in this Court.

9. Further, the injurious actions complained of herein occurred, in part, in this district, which is another basis for API being subject to personal jurisdiction in this Court.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because API does business in this district and a substantial portion of the events giving rise to the claims stated herein occurred in this district.

INTRA-DISTRICT ASSIGNMENT

11. This action is an intellectual property action within the meaning of Local Rule 3-2(c) and therefore is not subject to the intra-district venue provisions.

CHOOSE ENERGY'S MARKS

12. For more than a decade, Choose Energy has provided information and resources to numerous customers to allow them to make informed decisions about energy use, consumption, resources, and policy. As part of its services, Choose Energy operates an online marketplace at the website https://www.chooseenergy.com that helps residential and business users to comparison shop for their ideal energy supplier. Choose Energy's online platform gives consumers a convenient and secure way to compare rates and plans in their area, and make the switch all in one place:





1

13. Choose Energy provides a commercial service that is energy unbiased, enabling consumers to make smart choices about energy use: some choose the lowest-cost plans available; some choose long-term fixed-rate plans; and some choose clean energy sources, including natural gas plans with carbon offsets or electricity from renewables such as wind and solar. Choose

Energy believes in the power of choice for consumers—whether it is a fixed rate plan that gives peace-of-mind to customers or a renewable plan—the choice promoted is consumer-driven, not industry-driven.

14. Indeed, many of its customers see Choose Energy as a trusted resource that empowers them to make personal decisions about energy use, consumption, resources, and policy. And a significant number of these customers associate Choose Energy with the "choice" to support clean and renewable energy sources that have a positive impact on the environment.

15. Choose Energy uses both the CHOOSEENERGY (no space) and CHOOSE ENERGY (space) trademarks (collectively the "Choose Energy Marks") in connection with its services. For example, Choose Energy uses the CHOOSEENERGY trademark in in its online domain name www.chooseenergy.com and uses the CHOOSE ENERGY trademark in prominent placements throughout its website.

16. Through its extensive use and promotion of the Choose Energy Marks, Choose Energy has acquired broad common law rights in the mark. The Choose Energy Marks are strong and highly distinctive of Choose Energy's services. And the Choose Energy Marks are recognized by consumers and members of the public in the United States as signifying a distinctive sources of good or services offered under these marks. As such, the Choose Energy Marks embody the substantial goodwill that Choose Energy has earned as a result of providing high quality services for more than a decade. Choose Energy is a recognized and trusted source for consumers to learn about energy use, consumption, resources, and policy. Because of the positive goodwill that they symbolize, the Choose Energy Marks are highly valuable assets of the company, and Choose Energy has made significant efforts to protect them through applications for federal trademark registration.

17. Choose Energy owns the following federal trademark registration for the mark CHOOSEENERGY: U.S. Registration No. 2,547,914, issued March 12, 2002, first used (at least by) July 31, 2000, in International Class 35 for "on-line directory services, namely, providing a website featuring web links to energy resource providers of electricity, natural gas, propane,

steam, fuel oils and alternative fuels," and in International Class 39 for "computer services, namely, providing a website featuring information in the field of energy resources, namely, enabling energy suppliers and buyers to exchange information necessary for executing transactions in electricity, natural gas, propane, steam, fuel oils and alternative fuels."

18. On September 3, 2014, Choose Energy filed a declaration of incontestability for its registration of the CHOOSEENERGY mark pursuant to Section 15 of the Trademark Act, 15 U.S.C. § 1065, and on September 12, 2014, the USPTO acknowledged that Choose Energy's declaration meets the statutory requirements. Choose Energy's trademark in CHOOSEENERGY is therefore incontestable.

19. Choose Energy has the exclusive right to use the CHOOSEENERGY mark in commerce in connection with the goods or services specified in its registration, and Choose Energy has a nationwide right of priority to use the mark on such goods or services as of the filing date, July 14, 1999.

20. Choose Energy also owns the following application for federal trademark registration for the mark CHOOSE ENERGY: U.S. App. No. 86394611, filed September 15, 2014, first used (at least by) May 1, 2008, in International Class 41 for "educational services, namely, providing consumers educational information and resources in the fields of energy use, consumption, resources, and policy," and in International Class 42 for "computer services, namely, providing a website featuring educational information and resources in the fields of energy use, consumption, resources, and policy."

API'S INFRINGEMENT

21. On information and belief, API is a highly partisan organization whose purpose is to promote the commercial expansion and development of the oil and natural gas industries. Without permission from Choose Energy, API is making commercial use of the Choose Energy Marks, which use is causing significant consumer confusion in the marketplace and is injuring Choose Energy's valuable goodwill in its marks. API recently launched the "Choose Energy"

Project (the "API Project"), a high-profile, national lobbying campaign for the oil and natural gas industry that includes the website http://www.chooseenergy.org (the "API Website").

22.     The API Website uses the Choose Energy Marks prominently throughout the website, including for example:



23. API's use of the Choose Energy Marks is energy biased, extolling the purported benefits of the oil and natural gas industries that allegedly promote a stronger economy, job growth, and national security. The API Project presents a single choice to American consumers for their energy use, consumption, resources, and policy: continued dependence upon non-renewable fossil fuels regardless of their adverse impact upon the environment.

24. API's unauthorized use of the Choose Energy Marks is fracking Choose Energy's brand and is likely to cause confusion, mistake, and to deceive consumers as to the affiliation, connection, or association of the API Project with Choose Energy, or the origin, sponsorship, or approval of the API Project by Choose Energy.

25. The domain name for the API Website <chooseenergy.org> incorporates the Choose Energy Marks in their entirety and duplicates Choose Energy's domain name <chooseenergy.com> except for the top-level domain name (.org instead of .com). Increasing the potential for confusion, Choose Energy previously owned the <chooseenergy.org> domain name before API's infringement. Consumers who search "choose energy" are likely to be misled by confusing search results such as these:

Google | choose energy

Web | News | Shopping | Videos | Images | More | Search tools

About 471,000,000 results (0.38 seconds)

**Choose** American **Energy** - **ChooseEnergy**.org
Ad www.**chooseenergy**.org/
Deciding America's **Energy** Future Begins With Your Vote. Get Involved

**ChooseEnergy**.com - **Choose Energy** Rates
Ad www.**chooseenergy**.com/ElectricPlans
Let The **Energy** Companies Compete For Your Business. Compare & Save!
How it Works - Save Up to 25% on Bills - Our Providers - Why Switch?

**Choose Energy** - Compare Energy Rates and Save ...
https://www.**chooseenergy**.com/
Shop energy rates at **Choose Energy** and save up to 37% on your residential or commercial energy bill!
How It Works - Careers - Commercial - Why Switch?

26. API's use of the Choose Energy Marks is already causing substantial and significant actual consumer confusion. Numerous confused consumers are contacting Choose Energy in the mistaken belief that it is or is related to API. Consumer confusion is manifest across the numerous platforms that Choose Energy engages the public, including its call center, online customer chat interface, and its Twitter account.

27. Because of API's biased and partisan support for the oil and natural gas industries, the consumer confusion caused by API is extremely detrimental to Choose Energy's goodwill in its marks. The following chat exchange between Choose Energy's customer service representative and a consumer in Hampton, Virginia is emblematic of the marketplace confusion and the injurious effect on Choose Energy's goodwill and reputation:

---------- Forwarded message ----------
From: **USA #4436** <no-reply@olark.com>
Date: Sat, Sep 6, 2014 at 8:40 AM
Subject: Chat transcript: Customer Service and USA (Hampton, VA) #4436
To: @chooseenergy.com

**Highlights**

- **Visitor Name:** USA (Hampton, VA) #4436
- **Chat started on:** https://www.chooseenergy.com/about/contact/
- **Chat started at:** 2014-09-06 08:33 PDT
- **IP Address:** 98.166.185.57

**Content**

| | | |
|---|---|---|
| **USA (Hampton, VA) #4436:** | i have two questions | 08:33 |
| **USA (Hampton, VA) #4436:** | maybe more | 08:33 |
| **Customer Service:** | Thank you for visitng ChooseEnergy.com. | 08:33 |
| **Customer Service:** | How may I help you today? | 08:33 |
| **USA (Hampton, VA) #4436:** | Is Choose Energy a politically partisan organization seeking to advocate candidates for public office like the Koch Brothers? | 08:34 |
| **Customer Service:** | Not that I know of. | 08:34 |
| **USA (Hampton, VA) #4436:** | in your tv ad I just saw on CNN...political parties are mentioned...Republicans are mentioned first...I feel you are partisan to the GOP...correct | 08:35 |
| **USA (Hampton, VA) #4436:** | ? | 08:35 |
| **Customer Service:** | We are unable to discuss politics. | 08:36 |
| **USA (Hampton, VA) #4436:** | AH so you ARE Republican focused! You just exercised a smokescreen and deception tool | 08:37 |
| **USA (Hampton, VA) #4436:** | No time your Fascist organization | 08:37 |
| **USA (Hampton, VA) #4436:** | GOOD BYE | 08:37 |
| **Customer Service:** | Thank you for visiting ChooseEnergy.com. Have a great weekend! | 08:38 |

To stop receiving your transcripts via email, change your settings at: http://www.olark.com/transcripts

28. As a result of API's unauthorized use of the Choose Energy marks, consumers are associating API's one-sided fossil fuel agenda with Choose Energy. The resulting confusion damages Choose Energy's reputation among many consumers as a trusted resource for transparency, supporting clean and renewable energy sources that have a positive impact on the environment, as shown in the following Twitter exchange with a Choose Energy representative:



29. API's confusing use of the Choose Energy Marks is having far reaching effects. Dana Perino, former White House Press Secretary, is a Fox News Contributor with over a half a million followers. Her negative criticism of the API Project was relayed to Choose Energy via an angry consumer who mistakenly believed Choose Energy was associated with the API Project:



COUNT I

FEDERAL TRADEMARK INFRINGEMENT

(15 U.S.C. §1114)

30. Choose Energy repeats and incorporates by reference the allegations of the foregoing paragraphs.

31. Choose Energy's registered CHOOSEENERGY mark is inherently distinctive and/or has acquired secondary meaning as a result of Choose Energy's extensive use, advertising, and sales across the United States of services offered under the CHOOSEENERGY mark, long prior to API's use.

32. API's unauthorized use of confusingly similar imitations of the CHOOSEENERGY mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that API's divisive political campaign, including its promotional activities and advertisements accessible through the API Website, and any other media content or activities using the CHOOSEENERGY mark, are associated or connected with Choose Energy, or have the sponsorship, endorsement, or approval of Choose Energy.

33. API is now using imitations of the CHOOSEENERGY mark to conduct business on the Internet in connection with goods and/or services, including the API Website at www.chooseenergy.org, that are related to services Choose Energy offers under the CHOOSEENERGY mark, including at Choose Energy's website www.chooseenergy.com.

34. API has used marks confusingly similar to Choose Energy's federally-registered mark in violation of 15 U.S.C. § 1114, and unless enjoined by this Court, API's activities will cause a likelihood of confusion and deception of members of the public and, additionally, injury to Choose Energy's goodwill and reputation as symbolized by its federally-registered CHOOSEENERGY mark, for which Choose Energy has no adequate remedy at law.

35. API's actions demonstrate an intentional, willful, and malicious intent to infringe Choose Energy's federally-registered CHOOSEENERGY mark to Choose Energy's great and irreparable injury.

36. API is likely to cause substantial injury to the public and to Choose Energy, and pursuant to 15 U.S.C. §§ 1114, 1116, and 1117, Choose Energy is entitled to injunctive relief, costs, damages, and API's profits. In light of the egregious and exceptional nature of API's conduct, Choose Energy is further entitled to reasonable attorneys' fees, trebling of any damages award, and enhancement of any award of API's profits.

COUNT II

UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

(15 U.S.C. §1125(a))

37. Choose Energy repeats and incorporates by reference the allegations of the foregoing paragraphs.

38. The Choose Energy Marks are inherently distinctive and/or have acquired secondary meaning as a result of Choose Energy's extensive use, advertising, and sales across the United States of services offered under the Choose Energy Marks, long prior to API's use.

39. API's unauthorized use of confusingly similar imitations of the Choose Energy Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the API Project and/or the API Website, and any related content or activities, are associated or connected with Choose Energy, or has the sponsorship, endorsement, or approval of Choose Energy.

40. API has made and is making false representations, false descriptions, and false designations of origin regarding the API Project and/or the API Website, in violation of 15 U.S.C. § 1125(a), and unless enjoined by this Court, API's activities will cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Choose Energy's goodwill and reputation as symbolized by the Choose Energy Marks, for which Choose Energy has no adequate remedy at law.

41. API's actions demonstrate an intentional, willful, and malicious intent to infringe the Choose Energy Marks, to the great and irreparable injury of Choose Energy.

42. API's conduct is likely to cause substantial injury to the public and to Choose Energy, and pursuant to 15 U.S.C. §§ 1116, 1117, and 1125(a), Choose Energy is entitled to injunctive relief, costs, damages, and API's profits. In light of the egregious and exceptional nature of API's conduct, Choose Energy is further entitled to reasonable attorneys' fees, trebling of any damages award, and enhancement of any award of API's profits.

COUNT III

COMMON LAW TRADEMARK INFRINGEMENT

43. Choose Energy repeats and incorporates by reference the allegations of the foregoing paragraphs.

44. API's unauthorized use of confusingly similar imitations of the Choose Energy Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the API Project and/or the API Website, and any related content or activities, are associated or connected with Choose Energy, or has the sponsorship, endorsement, or approval of Choose Energy.

45. API's conduct constitutes infringement of the common law rights of Choose Energy that has damaged and will continue to damage Choose Energy's goodwill and reputation to the irreparable injury thereof unless restrained by this Court. Choose Energy has no adequate remedy at law.

46. API's actions violate the common law of California and have damaged and continue to damage Choose Energy and the valuable Choose Energy Marks, causing irreparable harm for which Choose Energy has no adequate remedy at law.

47. The API Project and/or API Website constitute passing off, create a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods, and/or cause a likelihood of confusion or of misunderstanding as to the affiliation, connection, association with, or certification by, Choose Energy.

COUNT IV

UNFAIR COMPETITION

(California Business & Professions Code §§ 17200 *et seq.*)

48.   Choose Energy repeats and incorporates by reference the allegations of the foregoing paragraphs.

49.   API's unauthorized use of confusingly similar imitations of the Choose Energy Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the API Project and/or the API Website, and any related content or activities, are associated or connected with Choose Energy, or has the sponsorship, endorsement, or approval of Choose Energy.

50.   API's conduct constitutes unfair competition with Choose Energy and has damaged and will continue to damage Choose Energy's goodwill and reputation to the irreparable injury thereof unless restrained by this Court. Choose Energy has no adequate remedy at law.

51.   API's actions violate California's Business & Professions Code §§ 17200 *et seq.*, and have damaged and continue to damage Choose Energy and the valuable Choose Energy Marks, causing irreparable harm for which Choose Energy has no adequate remedy at law.

52.   The API Project and/or API Website constitute passing off, create a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods, and/or cause a likelihood of confusion or of misunderstanding as to the affiliation, connection, association with, or certification by, Choose Energy.

PRAYER FOR RELIEF

WHEREFORE, Choose Energy prays:

1. That API, its owners, directors, officers, agents, servants, employees and all persons acting in concert or participation with API be permanently enjoined and restrained from:

      (a)    making any use of the Choose Energy Marks, the www.chooseenergy.org domain name(s), or any other use of the terms CHOOSEENERGY or CHOOSE ENERGY;

      (b)    engaging in television advertising, Internet advertising, or telemarketing or any other form of advertising using the Choose Energy Marks;

      (c)    registering or using any other domain names or using any other marks that incorporate, in whole or in part, any word or mark identical or confusingly similar to the Choose Energy Marks; and

      (d)    doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that API's websites and any products or services sold on API's websites are authorized, sponsored, licensed, endorsed, promoted or condoned by Choose Energy or are otherwise affiliated with or connected to Choose Energy, and from unfairly competing with Choose Energy.

2. That judgment be entered in favor of Choose Energy for all damages sustained on account of API's trademark infringement, unfair competition and false designation of origin, and other deceptive and unfair business practices.

3. That treble damages be awarded based on API's willful and deliberate infringement of the Choose Energy Marks, API's unfair competition, and API's deceptive trade practices, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117(a), and as otherwise permitted.

4. That Choose Energy be awarded and recover its costs in this suit, including its reasonable attorneys' fees and expenses.

//
//
//
//

5. That Choose Energy be awarded such other and further relief as this court may deem just and proper.

Dated: October 10, 2014

SKAGGS FAUCETTE LLP

By: /s/
Jeffrey E. Faucette

RAY QUINNEY & NEBEKER P.C.

Mark M. Bettilyon
Michael K. Erickson

*Attorneys for Plaintiff Choose Energy, Inc.*

JURY TRIAL DEMANDED

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues properly triable of right by a jury.

Dated: October 10, 2014            SKAGGS FAUCETTE LLP

By:      /s/
            Jeffrey E. Faucette

RAY QUINNEY & NEBEKER P.C.

Mark M. Bettilyon
Michael K. Erickson

*Attorneys for Plaintiff Choose Energy, Inc.*